UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER R. KNIGHT,

      Petitioner,

v.                                    CASE NO. 6:14-cv-1163-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

**<u>ORDER</u>**

This case is before the Court on Respondents' Motion to Dismiss Petition (Doc. No.

6) and Petitioner's Response to Motion to Dismiss (Doc. No. 8).    In support of the motion,

Respondents note that Petitioner has not raised any of the claims raised in the instant

petition in the state court.    Consequently, Respondents assert that this case should be

dismissed to allow Petitioner an opportunity to exhaust his state court remedies.

Respondents also contend that the case should not be stayed because Petitioner has not

demonstrated good cause for his failure to exhaust prior to filing the instant petition.

In response to the motion to dismiss, Petitioner concedes that he has not raised his

claims in the state court and notes that he intends to return to the federal court after he

does so.    Petitioner requests that the Court stay the instant action pending exhaustion of

his state court claims.

District courts may not grant habeas relief unless (1) the petitioner "has exhausted

the remedies available in the courts of the State"; (2) "there is an absence of available State

corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights."   28 U.S.C. § 2254(b)(1)(A), (B).   Moreover, a petitioner "shall not be deemed to have exhausted" his available state court remedies "if [he] has the right under the law of the State to raise, by any available procedure," the claims he has alleged in his federal habeas petition.   28 U.S.C. § 2254(c).   The Supreme Court of the United States has rejected a strict interpretation of § 2254(c).   *See Carter v. Johnson,* No. 2:11-cv-71-RWS-SSC, 2012 WL 716140, *3 (N.D. Ga. Jan. 3, 2012) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).   Nevertheless, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."   *Id*. (citing *O'Sullivan*, 526 U.S. at 845).

As noted *supra*, Petitioner concedes that none of the claims raised in the instant petition have been exhausted in the state court.   Although Petitioner asks the Court to stay this case, such action is not appropriate pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), because Petitioner's petition is not a "mixed petition" containing both exhausted and unexhausted claims.   *See, e.g., Carter*, 2012 WL 716140 at *3 (dismissing habeas petition that raised solely unexhausted claims).   In *Rhines*, the Supreme Court of the United States set forth the law explaining when a district court should grant a motion to stay a mixed petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254:

> [I]t likely would be an abuse of discretion for a district court
> to deny a stay and to dismiss a mixed petition if the petitioner

> had good cause for his failure to exhaust, his unexhausted
> claims are potentially meritorious, and there is no indication
> that the petitioner engaged in intentionally dilatory litigation
> tactics.   In such circumstances, the district court should stay,
> rather than dismiss, the mixed petition.

*Rhines*, 544 U.S at 277-78.   The Supreme Court adopted the stay and abeyance procedure

to assuage the risk faced by "petitioners who come to federal court with 'mixed'

petitions[,] . . . of forever losing their opportunity for any federal review of their

unexhausted claims."   *Id.* at 275.

The Eleventh Circuit has recognized that "[g]enerally, when a petitioner has failed

to exhaust state remedies, the district court should dismiss the petition without prejudice

to allow exhaustion."   *Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) (per

curiam) (citing *Rose v. Lundy*, 455 U.S. 509, 519–520 (1982)).   However, in *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 416-17 (2005), the Supreme Court seemingly recognized that

*Rhines* may apply in limited circumstances outside the context of a mixed petition.   In

*Pace*, the Court held that the statute of limitations for filing a federal habeas petition was

not tolled during the pendency of a prisoner's untimely state post-conviction petition.

*Id*. at 414-17.   The petitioner argued that the time should be tolled because a petitioner

might litigate his case in the state court for years in good faith only to later discover that

his state petition was untimely and therefore his federal petition was barred by the statute

of limitations.   *Id*.   In rejecting the petitioner's argument, the Supreme Court noted

pursuant to *Rhines*:

> A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and [abate] the federal habeas proceedings until state remedies are exhausted. *A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.*

*Id.* at 416 (citations omitted) (emphasis added).

As one court has held, "*Pace* does not support applying *Rhines* to all unmixed petitions, but rather only to those limited circumstance[s] in which a petitioner seeks to preserve his opportunity for federal habeas review because his federal claim might otherwise be time-barred due to his reasonable confusion about state filing requirements." *Wright v. Oubre*, 768 F. Supp. 2d 1277, 1281 (N.D. Ga. 2011). Here, Petitioner does not argue that he has any reasonable confusion about whether his state post-conviction filing will be timely, nor has he demonstrated good cause for his failure to exhaust prior to filing the instant petition. Finally, he has not demonstrated that his claims are potentially meritorious. In sum, the Court concludes that because the instant petition is not a mixed petition and no basis exists for extending *Rhines*, the petition must be dismissed, not abated. *See, e.g., Wright*, 768 F. Supp. 2d at 1282–83.

Accordingly, it is hereby **ORDERED** as follows:

1. Respondents' Motion to Dismiss (Doc. No. 6) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion, and Petitioner's request to stay the action is denied.

2. Petitioner is **DENIED** a Certificate of Appealability. This Court should

grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).   Petitioner has not demonstrated that jurists of reason would find this Court's procedural rulings debatable.   Thus, the Court will deny Petitioner a certificate of appealability.

       3.       The Clerk of the Court is directed to enter judgment and close this case.

       **DONE AND ORDERED** in Orlando, Florida, this 30th day of September, 2014.

                                                 GREGORY A. PRESNELL
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Walter R. Knight

5